U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JAN 2 6 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| MONA EGLAND GRIFFIN | : | DOCKET NO. 07-790 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| CITGO PETROLEUM CORP. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING AND ORDER

Before the Court is "Defendant's Rule 54 Motion to Review Clerk's Taxation of Costs" (doc. #88) wherein the prevailing party in this lawsuit, Citgo Petroleum Corp. ("Citgo") seeks to have this Court award additional costs that were not allowed by the Clerk of Court. Specifically, Citgo seeks to be reimbursed for the following:

| | |
|---|---|
| (1) Deposition transcripts of Christopher Hay and Dr. Percival Kane | $1138.00 |
| (2) Deposition transcripts of Citgo Employees[1] | $ 485.25 |
| (3) Cost for service of deposition subpoenas[2] | $ 319.00 |
| (4) Deposition witness fees[3] | $ 900.00 |
| Total | $ 2,842.25 |

The Clerk of Court disallowed the deposition transcript costs of Christopher Hay, Ms. Griffin's counselor, and Dr. Percival Kane, Ms. Griffin's treating physician, because these

---

[1] Michael Baumgarten, Ana Kiritsis and Marshall Watkins.

[2] Plaintiffs' healthcare providers, Dr. Kane and Mr. Hay.

[3] Dr. Kane and Mr. Hay.

depositions were not used by the Court in considering the motion for summary judgment. Citgo asserts that these depositions were reasonably necessary for purposes of Citgo's trial preparation.

The Clerk of Court also denied Citgo's requests for costs in the amount of $485.25 for the deposition transcripts of Michael Baumgarten, Ana Kiritsis and Marshall Watkins because said depositions were not used in support of Citgo's motion for summary judgment. Citgo asserts that the deposition of Marshall Watkins was referenced in its reply memorandum and furthermore these depositions were reasonably necessary for purposes of Citgo's trial preparation.

The Clerk of Court denied Citgo's request for costs in the amount of $319.00 for the service of deposition subpoenas on Plaintiff's healthcare provider, Dr. Percival Kane and counselor, Christopher Hay. The Clerk of Court also denied request for costs in the amount of $900.00 for the deposition witness fees of Dr. Kane and Mr. Hay because said depositions were not used in support of Citgo's motion for summary judgment. Again, Citgo asserts that these costs were reasonably necessary for purposes of Citgo's trial preparation.

Citgo, citing *Maurice Mitchell Innov., L.P. v. Intel Corp.*,[4] argues that these costs should not be disallowed merely because they were not ultimately used at trial or in connection with the dispositive motion. Ms. Griffin citing *Pacheo v. Mineta*,[5] argues that the following are grounds the Court should consider to deny costs to the prevailing party:

     1. The losing party's limited financial resources
     2. Misconduct by the prevailing party
     3. Close and difficult legal issues presented
     4. Substantial benefit conferred to the public
     5. The prevailing party's enormous financial resources.

---

[4] 491 F.Supp.2d 684, 687 (E.D. Tex. 2007).

[5] 448 F.3d 783, 794 (5th Cir. 2006).

Rule 54(d)(1) of the Federal Rules of Civil Procedure contains a strong presumption that the prevailing party be awarded costs.[6] The general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court "may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so.[7]

Ms. Griffin maintains that this Court should take into consideration the enormous wealth of Citgo. Ms. Griffin submits evidence that in 2007 Citgo had assets totaling $9.36 billion with a operating income of $2.545 billion and net income of $1.339 billion, whereas Ms. Griffin has limited financial resources. This Court has a policy of allowing costs only for those items of evidence which were utilized by the Court in considering the dispositive motion. Furthermore, the Court is very cognizant of Plaintiff's limited resources in comparison to the wealth of the defendant. Accordingly, and for these reasons, the Court will deny Citgo's requests for additional costs.

## ORDER

For the reasons set forth above,

**IT IS ORDERED** that the motion to review the clerk's taxation of costs is hereby **DENIED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 26th day of January, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[6] *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).

[7] *Schwarz*, 767 F.2d at 131.